UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:04-mj-1066 |
| | ) | 3:04-cr- |
| v. | ) | (Judge Shirley) |
| | ) | |
| IVAN DUANE BRADEN, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Harry S. Mattice, Jr., United States Attorney for the Eastern District of Tennessee, and the defendant, Ivan Duane Braden, and his attorney, Paula R. Voss, have agreed upon the following:

1. The defendant will enter unconditional pleas of guilty plea to all three counts of an information to be filed in the United States District Court for the Eastern District of Tennessee, a copy of which is attached. Count 1 of the information charges the defendant knowingly and intentionally attempted to maliciously damage or destroy, by means of explosives, a building used in interstate commerce or in activities affecting interstate and foreign commerce in violation of Title 18, United States Code, Section 844(i). This offense is a felony and is punishable by a mandatory minimum term of imprisonment of five years and a possible maximum statutory term of twenty years, a fine of up to $250,000, a term of supervised release of up to three years, and a mandatory assessment of $100. Count 2 of the information charges the defendant knowingly possessed firearms, that is, destructive devices, not registered to him in the National Firearms Registration and

Transfer Record in violation of Title 26, United States Code, Section 5861(d). This offense is a felony and is punishable by a term of imprisonment of up to 10 years, a fine of up to $250,000, a term of supervised release of up to three years, and a mandatory assessment of $100. Count 3 charges the defendant knowingly possessed a firearm, that is, a shotgun, in furtherance of the crime of violence as charged in count 1 of the information in violation of Title 18, United States Code, Section 924(c)(1). This offense is also a felony and is punishable by a mandatory term of imprisonment of five years, which must be served consecutively to any other term of imprisonment imposed, a fine of up to $250,000, a term of supervised release of up to three years, and a mandatory assessment of $100.

2, The parties further agree that the appropriate disposition of this case will be the following:

(a) The court may impose any lawful term of imprisonment up to the statutory maximum;

(b) The court may impose any lawful fine up to the statutory maximum;

(c) The court may impose any lawful term of supervised release; and

(d) The court may impose any applicable mandatory assessments.

3. The United States agrees that it will bring no other charges in the Eastern District of Tennessee arising out of the defendant's possession of firearms and explosives or his planned assault on the National Guard Armory in Lenoir City, Tennessee in October, 2004, provided the defendant fulfills his obligations under this plea agreement. If the defendant fails to fulfill his promises under this agreement or, if the defendant later attempts to withdraw any of his pleas of guilty, the United States may proceed with any and all federal criminal charges arising out of this incident.

4. The parties expressly agree that the appropriate sentence in this case will be determined by application of the United States Sentencing Guidelines and that there will be no departures from those guidelines except as allowed by the guidelines. The parties agree that the sentencing court may consider any reliable evidence, including hearsay, in determining the guideline sentence and that the preponderance of the evidence standard will be applied. The defendant agrees to waive any challenge to the validity of the Sentencing Guidelines. The defendant acknowledges that he understands that nothing contained in this plea agreement or any factual basis limits the Court in its application of the Sentencing Guidelines or in the facts it may consider in establishing a Sentencing Guideline range or an appropriate sentence and that any sentence imposed under the Sentencing Guidelines is nonparolable.

5. The defendant expressly acknowledges that he understands that the United States has made no promises or agreements regarding application of the sentencing guidelines to this case or any other aspects of sentencing in this case except as set out in paragraph 7 below.

6. The defendant expressly waives any right the defendant may have under the Sixth Amendment or otherwise to have any and all facts relevant to sentencing alleged in an information and determined by a jury beyond a reasonable doubt.

7. If the defendant, fulfills his obligations under this plea agreement, the United States will not oppose a two level reduction for acceptance of responsibility under the provisions of Sentencing Guideline 3E1.1(a) and will file a motion to decrease the offense level by one additional level pursuant to Sentencing Guideline § 3E.1.1(b).

3

8. The defendant acknowledges that he has read the information filed in this case, that his attorney, Paula R. Voss, has fully explained the nature of the charges, the potential penalties, and any defenses that the defendant might have. The defendant further acknowledges that in order to be convicted of the offense charged in count 1 of the information, the United States must prove beyond a reasonable doubt that the defendant intended to (1) maliciously, (2) damaged or destroyed building, vehicle, or other real or personal property, (3) by means of fire or explosive, and (4) that the building, vehicle, or personal or real property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce, and that the defendant took a substantial step toward commission of this crime. A substantial step is an overt act firmly corroborating an intent to commit the crime.

The defendant further acknowledges that in order to be convicted of the offense charged in count 2 of the information, the United States must prove beyond a reasonable doubt that (1) the firearm fell into one of the categories requiring registration, (2) the defendant knew he had possession (actual or constructive) of the firearm, (3) the defendant knew the characteristics of the firearm which made it subject to the registration requirements, (4) the firearm was either capable of operating as designed or could readily be put in operating condition and (5) the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

The defendant further acknowledges that in order to be convicted of the offense charged in count 3 of the information, the United States must prove beyond a reasonable doubt that the defendant (1) possessed a firearm (2) in furtherance of a federal crime of violence and (3) acted knowingly.

4

9. The defendant acknowledges he understands that he has a right to persist in pleas of not guilty, a right to a jury trial at which the defendant would have the right to assistance of counsel, the right to confront and cross examine adverse witnesses, and the right against compelled self-incrimination. The defendant further acknowledges that he understands that, if his guilty pleas are accepted by the Court, there will be no jury trial and by pleading guilty he waives his right to a jury trial. The defendant further acknowledges that he understands that the Court may question him under oath, on the record, and in the presence of counsel about the offenses to which he will be pleading guilty and his answers could later be used against him in a prosecution for perjury or false statement. The defendant further acknowledges that he is entering his pleas of guilty voluntarily and not as a result of force or threats nor as a result of any promises made by any agent of the government apart from this plea agreement.

10. The defendant knowingly and voluntarily agrees to waive any rights he may have to file any post conviction motions pursuant to Title 28, United States Code, Section 2255. Notwithstanding such waiver, however, the parties agree that the defendant retains the right to file a motion or pleading pursuant to Title 28, United States Code, Section 2255, on the following grounds: (a) to challenge any ineffective assistance of counsel in this case; (b) to challenge any prosecutorial misconduct in this case; or (c) in the event that applicable change in the case law renders the defendant's conduct, as agreed to in the factual basis, not a violation of federal law.

11. The defendant agrees to pay the special assessments to be imposed in this case at the time he enters his plea of guilty.

12. Attached as an exhibit to this plea agreement and incorporated herein is a Stipulation of Facts agreed to by the parties as the factual basis for the offenses to which to the defendant is pleading guilty.

13. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty pleas to the above-described charges, and there are no other agreements, promises, undertakings or understandings between the defendant and the United States.

Harry S. Mattice, Jr.
United States Attorney

3 Nov. 2004
Date

By: _____
David G. Dake
Assistant U.S. Attorney

10-3-04
Date

_____
Ivan Duane Braden
Defendant

11/03/04
Date

_____
Paula R. Voss
Attorney for Defendant

6