# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:04-CR-163 |
| ) | (Phillips) |
| IVAN DUANE BRADEN ) | |

## ORDER OF COMMITMENT FOR MENTAL EXAMINATION

This matter came before the court on March 13, 2006, on the government's motion for mental competency evaluation, filed under seal [Doc. 45]. Defendant opposes the government's motion [Doc. 46]. After reviewing the record and considering the arguments of counsel, the court finds there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect, rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, it is the decision of this court that it is in the defendant's best interests for him to be examined pursuant to the provisions of 18 U.S.C. §§ 4241 and 4242.

The names, addresses, and telephone numbers of the Assistant United States Attorney, defense counsel, and defendant's pretrial services officer are:

    (a)    Government's counsel: David G. Dake
               PO Box 872, Knoxville, TN 37902
               865/545-4167

(b) Defense counsel: Wade V. Davies
 PO Box 1126, Knoxville, TN 37901
 865/637-0661

(c) Probation officer: Myra Melton
 800 Market Street, Ste 311, Knoxville, TN 37902
 865/545-4001

**IT IS THEREFORE ORDERED:**

1. That the United States Marshal is hereby directed to transport the defendant to the nearest suitable psychiatric facility (hospital) for purposes of psychiatric evaluation, pursuant to 18 U.S.C. §§ 4241 and 4242. The court strongly recommends that defendant be transported to the psychiatric facility at Butner, North Carolina, where defendant's prior evaluation was performed. Said commitment shall be for a reasonable period not to exceed forty-five (45) days, unless otherwise ordered, and such reasonable period to commence upon defendant's arrival at the examining facility.

2. That the receiving facility and doctor in whose primary care the defendant is placed shall file a written report with this court as soon as practicable with copies to counsel for the government and the defendant, said report to include:

 a. the defendant's history and present symptoms;

 b. a description of the psychiatric, psychological, and medical tests that were employed and the results;

 c. the examiner's findings; and

 d. the examiner's opinions as to diagnosis, prognosis, and

1. whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist property in his defense; and

2. whether defendant suffered from such mental disease or defect which rendered him insane at the time of the offenses charged.

3. The defendant be given any necessary medications if determined appropriate to do so by the medical staff at the facility.

4. That the psychiatrist/psychologist have access to any pretrial services and probation reports completed on the defendant in this case.

5. That the psychiatrist/psychologist have access to all available medical records on the defendant.

6. The United States Marshal shall notify the clerk of the court and the undersigned's office promptly when defendant returns to this jurisdiction from the mental evaluation. A competency hearing will then be scheduled.

7. The Clerk is **DIRECTED** to serve a copy of this order on all counsel of record, to forward a copy to the Probation officer, and to serve three certified copies on the U.S. Marshal.

8. Defendant's motion to withdraw plea [Doc. 44] shall be held in abeyance pending completion of the mental evaluation and a competency hearing.

**IT IS SO ORDERED**.

ENTER:

    s/ Thomas W. Phillips
United States District Judge