# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:04-CR-163 |
| ) | (Phillips) |
| IVAN DUANE BRADEN ) | |

## MEMORANDUM AND ORDER

This matter came before the court for a competency hearing on August 21, 2006. The court previously ordered defendant examined pursuant to the provisions of 18 U.S.C. §§ 4241 and 4242.

The parties stipulated in open court to the seven-page Forensic Report [Ex. 1] by Edward Landis, Ph.D., and Ralph Newman, M.D. at the Federal Medical Center in Butner, North Carolina. The parties agreed that this report was the only evidence before the Court regarding the defendant's competency. Dr. Landis and Dr. Newman evaluated the defendant from May 2 through July 26, 2006. Based upon examination, clinical interview, and psychological testing, Drs. Landis and Newman concluded that the defendant suffers from Schizophrenia, Paranoid Type; Post-Traumatic Stress Disorder; Cannabis Dependence; and Alcohol Dependence. They opined that the defendant's mental condition would make it difficult for the defendant to think rationally about his case, to communicate with his attorney, and to participate in his defense.

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational as well as factual understanding of the proceedings against him.'" *Mallet v. United States*, 334 F.3d 491, 494-95 (6th Cir. 2003) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). Section 4241 requires the Court to commit the defendant to the custody of the Attorney General if it finds by a preponderance of the evidence "that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). Based upon Dr. Landis and Dr. Newman's report, the Court finds by a preponderance of the evidence that the defendant does have and suffer from a mental defect that interferes with his ability to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Thus, the Court finds that the defendant is not presently competent to stand trial.

Accordingly, the Court **ORDERS** that the defendant be committed to the custody of the Attorney General for treatment at an appropriate federal medical facility. The defendant will be designated to the facility by the Attorney General or his designee and shall be transported there as soon as is reasonable. The court recommends that the defendant be returned to the Federal Medical Center at Butner, North Carolina. The defendant is to remain at the facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there exists a substantial probability that the

defendant will attain the capacity to permit the trial to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). Following this initial assessment, the report of which shall be sent to the Court, the defendant, if he has not attained the capacity for trial to proceed, may be detained at the facility for an additional reasonable time period until the earlier of the following:

> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or
>
> (B) the pending charges against him are disposed of according to law.

If the facility requests and the Court grants that the defendant remain at the facility for an additional reasonable time beyond the initial four-month assessment period, the facility is ordered to provide the Court with semi-annual reports regarding the defendant's condition and progress beginning with a report two months after the four-month assessment period. See 18 U.S.C. § 4247(e)(1)(A).

If at any time during the defendant's commitment at the facility, the director of the facility determines that the defendant has recovered his competency, the director shall file a certificate to that effect promptly with the clerk of this Court. See 18 U.S.C. § 4241(e). The Court will then hold a hearing pursuant to 18 U.S.C. § 4247(d) to determine the defendant's competency to stand trial. 18 U.S.C. § 4241(e). If the Court finds that the defendant is competent at that time, it shall order the defendant's immediate discharge from the facility and shall set a trial date. Id. In such event, upon discharge, the defendant

-3-

Case 3:04-cr-00163   Document 54   Filed 08/23/06   Page 3 of 7   PageID #: 70

will be transported back to the district where he will abide by his current conditions of detention while awaiting trial or pending further orders of the Court.

Section 4241(d) provides that if, at the end of the time period of the defendant's commitment for treatment, his "mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246." 18 U.S.C. § 4241(d). Section 4246 provides a process for committing an individual whom the director of the 4241(d) treating facility certifies (1) would present a substantial risk of bodily injury to another or damage to property if released and (2) for whom suitable state care and custody is not available. 18 U.S.C. § 4246(a). Upon the receipt of such a certification, the Court must hold a hearing to determine by clear and convincing evidence "whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(a) -(d). Section 4246 implies that if the person does not present such a danger, he should be released. See 18 U.S.C. § 4262(e).

In the event that, at the end of the four-month period or any additional reasonable period requested and granted, the treating facility finds that there is *not* a substantial probability that the defendant will attain the capacity to stand trial in the foreseeable future, the Court **DIRECTS** that the federal medical facility also assess

> (1) whether the defendant "is presently suffering from a mental disease or defect as a result of which his release would create

> a substantial risk of bodily injury to another person or serious damage to property of another" and
>
> (2) whether "suitable arrangements for State custody and care of the defendant" are available.

18 U.S.C. § 4246(a). If the federal medical facility finds that the defendant would pose such a danger upon release due to his mental condition and that State custody arrangements are not available, the director of the federal medical facility must certify these findings in writing. *See* 18 U.S.C. § 4246(a). A copy of this certificate is to be transmitted to the defendant and his attorney, to the attorney for the government, and to the clerk of this Court. *See* 18 U.S.C. § 4246(a). The defendant will then be returned to this jurisdiction for a hearing pursuant to § 4246. The court recommends that any medications administered by the Federal Medical Center be continued during defendant's transport from the Federal Medical Center to this district.

The Court has set a status conference for **December 18, 2006, at 9:30 a.m.** With regard to other scheduling in this case, the Court notes that even if the defendant's mental condition improves during the initial four-month period to the point that he is competent to stand trial, a realistic trial date can not be set at this time, as even upon the defendant's release from the medical facility, the Court would have to hold a hearing to determine the competency of the defendant, and give him the opportunity to file motions and to prepare for trial. Moreover, the Court finds that the time during which the defendant is undergoing mental evaluation for competency as well as any time during which the

-5-

defendant is deemed incompetent are excludable periods under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(A) and (4). Defense counsel agree that all time leading up to the next status conference is excludable. For these reasons, the Court finds that all of the time between the March 13, 2006 motion hearing and the December 18, 2006 status conference to be fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(A) and (4).

Accordingly, it is **ORDERED**:

(1) The Court finds the defendant to be presently incompetent to stand trial;

(2) The defendant is committed to the custody of the Attorney General for treatment at a federal medical facility for a reasonable period of time not to exceed four months as set forth more fully above:

(3) The defendant shall be designated and transported to the approved federal medical facility as soon as reasonably possible;

(4) If at the end of the four-month treatment period, the designated federal medical facility determines that an additional reasonable period of treatment is needed, the facility shall make written request of the same of the Court;

(5) If at the end of the treatment period, the designated federal medical facility determines that there is not a substantial probability that the defendant's competence will be restored in the foreseeable future, the facility is to conduct a "dangerousness assessment" of the defendant and "suitable arrangement" assessment as described herein;

(6) The government and defense counsel appear on **December 18, 2006 at 9:30 a.m.** for a status conference; and

(7) All time between the March 17, 2006 hearing and the December 18, 2006, status conference is fully excludable under the Speedy Trial Act.

**IT IS SO ORDERED.**


           **ENTER:**


           <u>    s/ Thomas W. Phillips    </u>
           United States District Judge